EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* INÉS DÍAZ, acusado y apelante.

No. 3542.—*Visto:* Junio 14, 1928. *Resuelto:* Julio 26, 1928.

*F. Cervoni Gely,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Según los autos, Inés Díaz fué acusado ante la Corte Municipal de Caguas como autor de un delito de acometimiento y agresión grave. Celebrado el juicio de nuevo en la Corte

de Distrito de Humacao, fué condenado a seis meses de cárcel. Apeló para ante esta Corte Suprema y el récord de la apelación, que no contiene pliego de excepciones ni relación de pruebas, fué archivado el 19 de abril último. Pasó el tiempo reglamentario sin que se presentara alegato y el 15 de mayo se señaló la vista del recurso para el 14 de junio.

Tres días antes de la vista el acusado por medio de su abogado presentó una moción acompañando una certificación expedida por el Secretario de la Corte de Distrito y pidiendo que se le permitiera unirla a los autos. También acompañó su alegato.

En el día señalado sólo compareció el fiscal. Alegó que no podía discutir los errores alegados porque se basaban en una certificación que no constituía una exposición del caso tramitada de acuerdo con la ley.

Como se ve, todo es informal en este recurso.

El alegato se presentó fuera de tiempo. Si usando de nuestra discreción entramos a considerarlo, encontramos que, como sostiene el fiscal, los errores que en él se señalan se basan en una certificación que no constituye una exposición del caso.

██ Los autos de una apelación pueden corregirse adicionando a ellos por medio de copia certificada expedida por el Secretario de la corte inferior algo que forme parte del legajo de la sentencia, pero si se trata de documentos que no forman parte del legajo, para traerlos a esta corte es necesario seguir el procedimiento que marca la ley para tramitar las exposiciones del caso, esto es, con la intervención de la parte contraria y del juez sentenciador.

Aquí los documentos incluidos son una moción de sobreseimiento presentada en la corte municipal de Caguas basándose en que antes se había procesado al acusado por asesinato y no podía después imputársele el delito de acometimiento; en otra moción de sobreseimiento presentada en la corte de distrito basada en que el juicio fué suspendido des-

pués que el acusado alegó su inocencia, a petición del fiscal y con la oposición del acusado; en una certificación de las minutas de la corte de la que aparece que el juicio se suspendió el 12 de julio para el 14 del propio mes por incomparecencia de los testigos, y en un mandamiento de arresto contra el acusado para responder del cargo de asesinato.

■ Basta la simple enumeración de los documentos y de su contenido para concluir que tiene razón el fiscal. En primer lugar la moción de sobreseimiento presentada en la Corte Municipal de Caguas no se conecta con decisión alguna de la Corte de Distrito de Humacao. Tampoco está completo el incidente sobre suspensión del juicio. Los hechos no deben surgir de lo que diga el abogado del acusado en el curso de una moción, sino de las constancias de autos. Si el acusado quiso traer al examen de la corte de apelación las dos cuestiones a que se refiere en su alegato, debió haber preparado al efecto un pliego de excepciones.

■ Examinado el récord auténtico, se encuentra que la denuncia es suficiente y la sentencia se ajusta a la ley.

Debe, en tal virtud, declararse *sin lugar el recurso y confirmarse la sentencia apelada.*